UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOLLAR EAST WEST,<br><br>　　　　　Defendant. | Case No.  2:25-cv-1218-TLN-JDP (PS)<br><br>ORDER |

Plaintiff Dana Jackson, proceeding without counsel, filed this action against defendant Dollar East West in an attempt to allege claims on behalf of her minor daughter.  Plaintiff may not assert claims on behalf of another, and the complaint fails to establish this court's subject matter jurisdiction.  I will dismiss the complaint with leave to amend to afford plaintiff an opportunity to cure these deficiencies.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that her minor daughter, A.W., was sexually assaulted by defendant's employee at its Sacramento store. ECF No. 1 at 2, 5. The police arrested the employee, but he was allegedly released the following day and subsequently permitted to resume work. *Id.* at 5. Plaintiff seeks to bring this action to recover damages for pain and suffering. *Id.* at 6.

As an initial matter, plaintiff, who is proceeding pro se, purports to bring this suit on behalf of A.W. *Id.* at 1. Pro se litigants, however, cannot assert claims on behalf of others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited "from pursuing claims on behalf of others in a representative capacity"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent may not bring suit on behalf of a minor child without first retaining an attorney).

More fundamentally, the complaint's allegations fail to establish a basis for this court's subject matter jurisdiction. The complaint does not assert a federal claim, and, although plaintiff checked the form complaint's box for "diversity of citizenship," ECF No. 1 at 3, she fails to show that diversity jurisdiction is present. To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumptively lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994). Plaintiff alleges that she is a citizen of California, but the complaint is silent as to defendant's citizenship.

I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity to remedy these deficiencies. Plaintiff is cautioned that she may only represent herself. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3

1        5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 7, 2025

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE